UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Application of

WHITEHAVEN S.F., LLC,
                      Petitioner,

      – against –

STEVEN SPANGLER, LANCE WITTRY, ESQ.,
WITTRY LAW OFFICES and HARVEY
THATCHER,
                      Respondents.

**OPINION AND ORDER**
13 Civ. 8476 (ER)

Ramos, D.J.:

By order dated September 10, 2014, this Court granted Petitioner Whitehaven S.F., LLC's ("Petitioner" or "Petitioner Whitehaven") motion to compel arbitration pursuant to Article Four of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4.  Doc. 17 ("Opinion & Order"). Petitioner sought arbitration to settle a dispute concerning a litigation financing agreement between Petitioner and Respondent Steven Spangler ("Spangler" or "Respondent Spangler"). Doc. 6 ("Mem. Supp. Mot. Compel") 6-9.[1]

After filing a notice of appeal in the Court of Appeals for the Second Circuit, Respondents Spangler, Lance Wittry, Esq., and Wittry Law Offices (collectively "Respondents") moved for an order of this Court staying its judgment pending appeal.[2]  Doc. 21 ("Mot. Stay").

---

[1] For a more thorough account of the facts underlying the parties' dispute, see *In re Whitehaven S.F., LLC v. Spangler*, No. 13 Civ. 8476 (ER), 2014 WL 4494168, at *1-*6 (S.D.N.Y. Sep. 10. 2014).

[2] Respondents indicate that they have moved for a stay pursuant to Rule Eight of the Federal Rules of Appellate Procedure.  *See* Mot. Stay 1.  Rule 8(a)(1), governing motions to stay in the Court of Appeals, provides that an application for a stay of a judgment or order pending appeal should be made first to the District Court.  *Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 38 (2d Cir. 1993).  In the District Court, motions to stay are governed by Rule 62 of the Federal Rules of Civil Procedure. Respondents do not mention Rule 62 or any Federal Rule of Civil Procedure, but the Court construes their motion under Federal Rule 62(c).  *See Centauri Shipping Ltd. v. Western Bulk Carries KS*, 528 F. Supp. 2d 186, 189 (S.D.N.Y. 2007) (describing the applicability of Rule 62(c)).

Respondents' motion is opposed by Petitioner and by co-Respondent Harvey Thatcher ("Thatcher" or "co-Respondent Thatcher").  *See* Doc. 23 ("Aglow Aff."); Doc. 24 ("Rohan Aff."); Doc. 25 ("Mem. Opp'n Mot. Stay").  For the reasons discussed below, Respondents' motion to stay is DENIED.

**I.     Discussion**

"The proponent of a stay bears the burden of establishing its need."  *Clinton v. Jones,* 520 U.S. 681, 708 (1997).  Even where irreparable injury might result, a stay is "not a matter of right."  *Virginian Ry. Co.*, 272 U.S. 658, 672 (1926).  Rather, it is "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case."  *Id.* at 672-73.  Yet the Court's discretion is not unguided.  *Nken v. Holder*, 556 U.S. 418, 434 (2009).  Courts weighing motions to stay consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Id*. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Sailor v. Scully*, 666 F. Supp. 50, 51 (S.D.N.Y. 1987) (describing the four factors regulating issuance of a stay pursuant to Federal Rule of Civil Procedure 62).[3]  Courts treat these four factors "like a sliding scale." *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006).  "[M]ore of one excuses less of the other." *Id.* (quoting *Mohammed v. Reno*, 309 F.2d 95, 101 (2d Cir. 2002)).

Where, as here, the Court grants a petition to compel arbitration, and respondents move for a stay pending appeal, respondents' motion will usually be denied "unless the equities tip

---

[3] This four-factor test applies to motions to stay pursuant to both Federal Rule of Appellate Procedure 8(a) and Federal Rule of Civil Procedure 62(c). *See Hilton*, 481 U.S. at 776 ("Different Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal. . . . Under both Rules, however, the factors regulating the issuance of a stay are generally the same . . . .").

2

decisively in the direction of a stay." *Ironshore Specialty Ins. Co. v. Eidos Partners, LLC*, No. 13 Civ. 8434 (KBF), 2014 WL 3405029, at *1 (S.D.N.Y. July 7, 2014) (citing *B.D. Cooke & Partners Ltd. v. Certain Underwriters at Lloyd's London,* No. 08 Civ. 3435 (RJH), 2009 WL 3870414, at *1 (S.D.N.Y. Nov. 19, 2009)).

This Court, for the same reasons set forth in its September 10, 2014 Opinion and Order, Doc. 17, finds that Respondents have not made a strong showing that they are likely to succeed on the merits. To the extent that Respondents raise new arguments on appeal that they did not raise in their opposition to Petitioner Whitehaven's motion to compel arbitration, "such arguments are not supportive of this factor because 'an appellate court will not consider an issue raised for the first time on appeal.'" *Id.*, at *2 (quoting *Compagnie Noga D'Importation Et D'Exportation S.A. v. Russian Fed'n,* 350 F. App'x 476, 477 (2d Cir. 2009)). Additionally, in determining whether parties must submit to arbitration pursuant to a contractual arbitration clause, the Second Circuit's "scope of review is quite limited," and "all doubts must be resolved in favor of arbitrability." *Concourse Village, Inc. v. Local 32E, Service Employees Intern. Union, AFL-CIO*, 822 F.2d 302, 304 (2d Cir. 1987).

Respondents also have not established that they will be irreparably injured absent a stay.[4] Their sole argument on this point is that "[t]he parties will bear substantial expense in connection with formal arbitration proceedings." Doc. 28 ("Resp'ts' Final Br. Supp. Mot. Stay") 1. However, "'opportunity costs or out-of-pocket expenses associated with an order to arbitrate' . . . are not enough" to satisfy the irreparable injury prong. *B.D. Cooke*, 2009 WL 3870414, at *1

---

[4] In its submissions supporting its motion to stay, Respondents misstate the test for when a stay is appropriate. Citing *Hilton v. Braunskill*, 481 U.S. at 770, Respondents portray the test as having only two prongs: "[A] stay is permissible where its proponent can demonstrate *either* (1) 'a strong likelihood of success'; or (2) 'a substantial case on the merits.'" Docs. 26-27 ("Resp'ts' Brs. Supp. Mot. Stay") 1. *Hilton*, however, sets forth the same four-part test quoted above. 481 U.S. at 776.

(quoting *Woodlawn Cemetery v. Local 365, Cemetery Workers and Greens Attendants Union*, No. 90 Civ. 6071 (JMC), 1990 WL 150472, at *3 (S.D.N.Y. Oct. 2 1990)).[5]

Even if Respondents suggested that injury would result from the outcome and not merely the costs of arbitration, that argument would fall short.  As Petitioner highlights, the contracts at issue contain a New York choice of law provision.  Rohan Aff. ¶ 9.  Under New York law, parties are entitled to a post-arbitration proceeding requesting confirmation, modification, or vacatur of any arbitration award.  N.Y. C.P.L.R. § 75.  The same is true under Federal Law. 9 U.S.C. § 2.  To the extent that Respondents challenge the arbitrability of their contract on public policy grounds, that challenge, too, may be raised in a post-arbitration Article 75 motion to vacate.  *See United Fed'n of Teachers, Local 2, AFT, AFL-CIO v. Bd. of Educ.*, 1 N.Y. 3d 72, 79, 769, N.Y.S.2d 451, 456, 801 N.E.2d 827, 832 (N.Y. 2003).

Respondent does not address harm to other parties except to contend that *all* parties would "bear substantial expense" in arbitration proceedings.  Resp'ts' Final Br. Supp. Mot. Stay 1.  Petitioner Whitehaven and co-Respondent Thatcher, meanwhile, both oppose Respondents' motion, arguing that they "would be subject to extreme prejudice should the stay be granted."  Rohan Aff. ¶ 10; *see also* Aglow Aff. 3-4.  Petitioner asserts that "[i]t would be forced to wait another two years before proceeding to arbitration, during which time [Respondent Wittry's] escrowed funds might be depleted."  *Id.*  This factor tips in favor of Petitioner.

Respondents' motion also does not address where the public interest lies.  This Court, however, previously determined that Petitioner's mandatory arbitration clause was neither unconscionable nor invalid, Opinion & Order III.B, and Petitioner asserts that the "public

---

[5] Additionally, Petitioner submits that, pursuant to American Arbitration Association rules, Respondents may request to conduct all arbitration hearings by telephone or videoconference in order to spare expenses. Doc. 30 (Pet.'s Sur-Reply Opp'n Mot. Stay) Ex. A.

interest" prong should focus largely on the courts' "strong preferences in favor of orderly and expeditious arbitration" and "judicial economy." *Id.* ¶ 11; *see also Collins & Aikman Prods. Co. v. Building Sys., Inc.*, 58 F.3d 16, 19 (2d Cir. 1995).

Respondents do not prevail based on any of the four factors relevant to a motion to stay. In this case, the equities do not tip in favor of their motion.

## II.  Conclusion

For the reasons set forth above, Respondents' motion to stay is DENIED. The Clerk of the Court is respectfully directed to terminate the motion (Doc. 21).

It is SO ORDERED.

Dated:   October 31, 2014
         New York, New York

_____
Edgardo Ramos, U.S.D.J.