UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Application of

WHITEHAVEN S.F., LLC,

                              Petitioner,

        – against –

STEVEN SPANGLER, LANCE WITTRY, ESQ.,
WITTRY LAW OFFICES and HARVEY
THATCHER,

                              Respondents.

**OPINION AND ORDER**
13 Civ. 8476 (ER)

Ramos, D.J.:

On September 10, 2014, this Court entered an Opinion and Order granting Petitioner

Whitehaven's ("Petitioner" or "Whitehaven") motion to compel arbitration against Respondent

Steven Spangler ("Spangler").  Op. and Order (the "Opinion and Order") (Doc. 17).

Respondents Lance Wittry and Wittry Law Offices ("Wittry Respondents" or "Spangler's

counsel"), who represented Spangler in the underlying litigation, now move to enforce the

Opinion and Order.  (Doc. 32).  Specifically, Wittry and his law firm asks this Court to dismiss

Whitehaven's arbitral claim against him and asks for attorney fees and costs.  Resp'ts' Mot. to

Enforce J. at 1.  Because the Opinion and Order did not address whether Whitehaven could

compel Wittry to arbitrate, the Wittry Respondents' motion to enforce the Opinion and Order is

DENIED.

I.      **Background**

The Court presumes the parties' familiarity with the factual background giving rise to these

proceedings.  *See* Op. and Order at 1–10.

## II.     Legal Standard

Federal courts have the inherent power to enforce their judgments.  *Peacock v. Thomas*, 516 U.S. 349, 356 (1996).  However, a court's power to enforce its judgment "only extends to the subject matter covered by the judgment."  *Canada Dry Del. Valley Bottling Co. v. Hornell Brewing Co.*, No. 11 Civ. 4308 (PGG), 2013 WL 5434623 at *6 (S.D.N.Y. Sept. 30, 2013); *See also Harvey v. Johanns*, 494 F.3d 237, 244 (1st Cir. 2007) ("A court's power to enforce a judgment is confined to the four corners of the judgment itself").

## III.    Discussion

The Wittry Respondents argue that the Court should dismiss Whitehaven's arbitral claims against them because the Opinion and Order "did not grant relief against Spangler's counsel." Resp'ts' Reply Mem. at 2 (Doc. 35).  Specifically, the Wittry Respondents argue that by observing that "Whitehaven 'initially named' Spangler's counsel as Respondents but [then] 'only [sought] to compel' Spangler to arbitrate," the Opinion and Order "denied arbitral relief against [Spangler's counsel]." *Id.* at 1–2.  The Wittry Respondents are not entitled to the relief they seek because their interpretation of the Opinion and Order is wrong.  The Court did not *deny* arbitral relief against Spangler's counsel; the Court made no ruling as to Spangler's counsel at all.

As a preliminary matter, Wittry misrepresents the record when he asserts that Whitehaven never provided a legal basis for compelling the Wittry Respondents to arbitrate. Resp'ts' Pet. at 1–2 (Doc. 32).  In fact, in its opening Memorandum of Law in Support of its Petition to Compel Arbitration, Whitehaven specifically argued as follows:

> Mr. Wittry and his law firm are bound to the arbitration clause under a well-established doctrine in this Circuit and New York State of "incorporation by reference." *Hirsch v. Citibank*, No. 13-1172-cv (2d. Cir. October 22, 2013); *Samual L. Hogan II, P.C. v. J.P. Morgan Chase Bank*, N.A., 939 N.Y.S.2d 744 (Sup. Ct. 2011).

Pet'r's Mem. in Supp. at 15 (Doc. 6).

2

In their opposition brief, the Wittry Respondents never responded to Whitehaven's argument.[1]  Instead, they apparently made the strategic decision to contest arbitrability based solely on the 2005 Assurance of Discontinuance between the Attorney General of New York State and Whitehaven (the "AOD"), in which Whitehaven agreed not to include mandatory arbitration clauses in litigation funding contracts with "New York Consumers."  Op. and Order at 8.  In its reply, Whitehaven only addressed the arguments concerning the AOD raised by the Respondents and thus, did not further address the enforceability of the arbitration clause as to Wittry.  Accordingly, the Court did not rule on the motion as to the Wittry Respondents, but rather addressed the narrow issue *actually* disputed in the parties' papers:  the applicability of the AOD to Spangler.[2]  Therefore, because this Court's power to enforce its judgment "only extends to the subject matter covered by the judgment," it cannot properly dismiss Whitehaven's arbitral claims against the Wittry Respondents.  *Canada Dry*, 2013 WL 5434623 at *6; *see also Harvey*, 494 F.3d at 244–245 ("[W]hen a matter is beyond the scope of a judgment, no relief is available through a motion to enforce the judgment.").[3]

---

[1] And, as Whitehaven points out in its response, if Wittry believed he was not properly named, he should have so moved pursuant to Fed. R. Civ. P. 12(b), or specifically so denied pursuant to Fed. R. Civ. P. 9(a)(2).

[2] The Court Notes that if either party believed the Court had overlooked factual matters that would have altered the outcome, it should have  moved pursuant to Rule 6.3 of the local Civil rules for the District, which provides for reconsideration or reargument of a court's order on a motion where the court has overlooked controlling decisions or factual matters that were "put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court."  *Micol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (quoting *Greenwald v. Orb Commc'ns & Mktg., INc.*, No. 00 Civ. 1939 (LTS) (HBP), 2003 WL 660844, at *1 (S.D.N.Y. Feb 27, 2003); *see also* Local R. 6.3.  Neither party so moved.

[3] As Whitehaven notes, the Wittry Respondents' motion may have properly been brought as a request to clarify the terms of the Court's Opinion and Order pursuant to Fed. R. Civ. P. 60(a).  However, even if the Wittry Respondents had properly moved, the Rule 60 motion would be denied for two reasons.  First, because as set forth in the Opinion and Order, the Order properly reflects the decision of the Court that any claims by Whitehaven or Spangler regarding the terms of the Finance Agreement must be resolved by the arbitrator.  Op. and Order at 25; *see also Robert Lewis Rosen Associates, Ltd. v. Webb*, 473 F.3d 498, 504 (2d. Cir.2007) (holding that a "rule 60(a) motion is appropriate where the judgment has failed accurately to reflect the actual decision of the decision maker.") (internal quotations omitted).  Secondly, it would be denied because pursuant to Rule 60(c), the motion must be made "within a reasonable time."  That did not happen here.

**IV.     Conclusion**

For the reasons set forth above, the Wittry Respondents' motion to enforce the Opinion and Order is DENIED.  The clerk of the court is respectfully directed to terminate the motion. (Doc. 32).

It is SO ORDERED.

Dated:     March 29, 2016
           New York, New York

Edgardo Ramos, U.S.D.J.